Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
roberto@robertorobledo.com

Attorneys for Plaintiff Lisa Dreyer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Lisa Dreyer**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Alpha Recovery Corp.,**<br><br>Defendant. | Case No. **'13CV2260 W   KSC**<br><br>**Verified Complaint for Damages**<br><br>Jury Trial Demanded |

**Introduction**

1.     Lisa Dreyer formerly Lisa Ellis ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Alpha Recovery Corp. ("Defendant"), and their agents with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

2.     For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

1

2

**Jurisdiction and Venue**

3        3.        Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant

4    to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C § 1367 for pendent state law

5    claims.

6        4.        This action arises out of Defendants' violations of the following: the

7    Fair Debt Collection Practices Act,  15 U.S.C. § 1691 et seq. ("FDCPA"), the

8    Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-

9    1788.32 ("RFDCPA").

10        5.        Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that

11    the Defendants transact business in this District and the acts giving rise to this

12    action occurred in this District.

13

14

**Parties**

15        6.        Plaintiff is a natural person who resides in the City of El Cajon,

16    County of San Diego, State of California and is obligated or allegedly obligated to

17    pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

18        7.        Plaintiff is a natural person from whom a debt collector sought to

19    collect a consumer debt which was due and owing or alleged to be due and owing

20    from Plaintiff and is a "debtor" as the term is defined by California Civil Code §

21    1788.2(h).

22        8.        Plaintiff is informed and believes, and thereon alleges, that Defendant

23    is a collection agency and a Colorado corporation operating from an address of

24    5660 Greenwood Plaza Blvd., Suite 101, Greenwood Village, CO 80111, and is a

25    "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

26        9.        Plaintiff is informed and believes, and thereon alleges, that

27    Defendants are not attorneys or counselors at law and are persons who, in the

28    ordinary course of business, regularly, on behalf of themselves or others, engages

1   in debt collection as that term is defined by California Civil Code § 1788.2(b), and

2   are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

3        10.    This case involves money, property or their equivalent, due or owing

4   or alleged to be due or owing from a natural person by reason of a consumer credit

5   transaction.  As such, this action arises out of a "consumer debt" and "consumer

6   credit" as those terms are defined by California Civil Code § 1788.2(f).

7

8   **Factual Allegations**

9        11.    At all times relevant, Plaintiff was an individual residing within the

10   State of California.

11        12.    Plaintiff is informed and believes, and thereon alleges, that all times

12   relevant, Defendant conducted business in the State of California.

13        13.    Plaintiff is informed and believes, and thereon alleges, that Isaiah Doe

14   is a natural person who was employed at all times relevant herein by Defendant as

15   a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. §

16   1692a(6), but whose true name is unknown.

17        14.    California Civil Code § 1788.2(d) and § 1788.2(f) define the terms

18   "debt(s)" and "consumer debt" as money, property, or their equivalent, which is

19   due or owing, or alleged to be due or owing, from a natural person to another

20   person.  Plaintiff is a natural person who allegedly incurred financial obligations

21   due or owing to Citibank, and therefore meets the definition of "debt(s)" and

22   "consumer debt" under California Civil Code § 1788.2(d) and § 1788.2(f).

23        15.    15 U.S.C. § 1692a(5) sets out the definition of "debt(s)" as financial

24   obligations primarily for personal, family or household purposes.  The alleged

25   debts incurred by Plaintiff were for personal, family, or household purposes, more

26   specifically home improvement, meeting the criteria for "debt(s)" under 15 U.S.C.

27   § 1692a(5).

28

16.     Plaintiff fell behind and defaulted on the payments allegedly owed on the alleged debt.

17.     Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind in payments of the alleged debt to Citibank, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

18.     According to 15 U.S.C. § 1692c(b) a debt collector's communication to a third party, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy is prohibited.

19.     On or around July 9, 2013 at approximately 3:47 PM, Defendant contacted Walter, a neighbor of Plaintiff and a third party as that term is addressed in 15 U.S.C § 1692c(b), by leaving a voicemail in regards to Plaintiff.

20.     The complete voicemail message that Defendant left on Walter's voicemail  is as follows:

> "Umm good afternoon I am leaving this brief message this afternoon for Walter, Walter my name is Isaiah, I'm calling briefly here today from the Alpha office. Walter I'm calling this afternoon in a desperate attempt to locate a Lisa Ellis over at 1576 umm [ADDRESS REDACTED]. When you get this message here can you have Lisa Ellis return my call here as soon as possible. My number is (720) 509-1942 again that is (720) 509-1942 umm I do appreciate it I want to get some information out to Lisa and let her know what's going on but it's very very important okay. Thank you."

21.     On or around July 11, 2013 at approximately 12:32 PM, Defendant once again contacted Walter by leaving a voicemail in regards to Plaintiff.

22.    The complete voicemail message that Defendant left on Walter's voicemail is as follows:

> "Hello umm good afternoon I am leaving a brief message for Mr. Walter [LAST NAME REDACTED]. Walter my name is Isaiah I am calling here again umm from the Alpha Corporation office umm here in Denver Colorado. Umm Walter I am trying to get a hold to Lisa Ellis over at 1576 umm [ADDRESS REDACTED], umm we're handling some serious business she needs to address in my office and I'm asking again if you can get a message to her and tell her to return my call. My phone number again is (720) 509-1942 again (720) 509-1942. Umm I do appreciate it, it's very important Walter and I am sorry for the inconvenience okay. Thank you."

23.    Plaintiff did not consent to either one of the communications via voicemail by Defendant nor do the communications meet any of the above criteria for permitted communication by a debt collector to a third party under 15 U.S.C. § 1692c(b).

24.    As such, these actions by Defendant violated 15 U.S.C § 1692c(b), and because Defendant's actions violated 15 U.S.C. § 1692c(b), they also violated California Civil Code § 1788.17.

25.    15 U.S.C § 1692b permits debt collectors to communicate with any person other than the consumer for the purpose of acquiring location information.

26.    "Location information" as defined in 15 U.S.C. § 1692a(7), is a consumer's place of abode and his telephone number at such place, or his place of employment.

27.    The first voicemail Defendant left on Walter's voicemail states, "Walter I'm calling this afternoon in a desperate attempt to locate a Lisa Ellis over at 1576 umm [ADDRES REDACTED]".  A similar disclosure is made by Defendant in the second voicemail.  The disclosure of Plaintiff's correct address on

1  both voicemail messages demonstrates that Defendant already had Plaintiff's

2  location information and was not attempting to acquire it on either occasion.

3      28.    At no point in either message did Defendant request Plaintiff's

4  telephone number or place of employment.

5      29.    Defendant's voicemail continues "When you get this message here

6  can you have Lisa Ellis return my call here as soon as possible", then stating his

7  call back number.   Similarly, in Defendant's second voicemail, Defendant states,

8  "I'm asking again if you can get a message to her and tell her to return my call."

9  Defendant requested that Walter deliver a message to Plaintiff and have Plaintiff

10 call him back on two separate occasions.

11     30.    Defendant disclosed Plaintiff's address on the voicemail so that

12 Walter knew where to deliver Defendant's message.

13     31.    The communications by Defendant were not attempts to acquire

14 location information as permitted by 15 U.S.C § 1692b.  As such, these actions by

15 Defendant violated 15 U.S.C § 1692b, and because Defendant's actions violated 15

16 U.S.C. § 1692b, they also violated California Civil Code § 1788.17.

17     32.    In contacting a third party for a consumer's location information,

18 under 15 U.S.C. §1692b(3), a debt collector may not communicate with any such

19 person more than once unless requested to do so by such person or unless the debt

20 collector reasonably believes that the earlier response of such person is erroneous

21 or incomplete and that such person now has correct or complete location

22 information.

23     33.    Defendant communicated with Walter, a third party, more than once

24 by leaving two voicemails on Walter's phone.

25     34.    As described above, Defendant was not seeking Plaintiff's location

26 information from Plaintiff's neighbor Walter, nor did Walter ever request that

27 Defendant communicate with him.

28

Verified Complaint—6

35.     Therefore, Defendant's actions violated 15 U.S.C § 1692b(3), and because Defendant's actions violated 15 U.S.C. § 1692b(3), they also violated California Civil Code § 1788.17.

36.     15 U.S.C. § 1692f states that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

37.     Defendant called Walter, Plaintiff's neighbor, twice, with the intent of having Walter deliver a message to Plaintiff.  In the first voicemail Defendant states "When you get this message here can you have Lisa Ellis return my call here as soon as possible."  In the second voicemail Defendant states "I'm asking again if you can get a message to her and tell her to return my call".

38.     Defendant intended to use Plaintiff's neighbor to collect an alleged debt.

39.     Defendant left Plaintiff's address on the voicemails so that Walter would know where to locate Plaintiff and deliver the message.

40.     Defendant believed that having an urgent message delivered from someone in Plaintiff's community would cause Plaintiff to return their call so that they could collect an alleged debt.

41.     Defendant disregarded the risk that a member of Plaintiff's community would discover Defendant's true purpose of intending to collect on an alleged debt.

42.     Defendant disregarded the risk that such a discovery would negatively impact Plaintiff's relationships in her community and cause her substantial embarrassment and stress.

43.     Accordingly, Defendant's conduct in attempting to collect an alleged debt through the use of Plaintiff's neighbor, was unfair and unconscionable, and therefore a violation of 15 U.S.C. § 1692f, and because Defendant's actions violated 15 U.S.C. § 1692f, they also violated California Civil Code § 1788.17.

1
2
**First Claim for Relief—Violations of the Fair Debt Collections Practices Act**
**15 U.S.C § 1692 et seq.**

3   44.   Plaintiff incorporates by reference all of the above paragraphs of this
4   Complaint as though fully stated herein.

5   45.   The foregoing acts and omissions of Defendants constitute numerous
6   and multiple violations of the FDCPA, including but not limited to each and every
7   one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

8   46.   As a result of each and every one of Defendant's violations of the
9   FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00
10   pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs
11   pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

12

13
14
**Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection**
**Practices Act §§ 1788-1788.32 (RFDCPA)**

15   47.   Plaintiff re-alleges and incorporates by reference the above paragraphs
16   as though set forth fully herein.

17   48.   The foregoing acts and omissions of Defendants constitute numerous
18   and multiple violations of the RFDCPA

19   49.   As a result of Defendant's violations of the RFDCPA, Plaintiff is
20   entitled to statutory damages for a knowing or willful violation in the amount up to
21   $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable
22   attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from
23   Defendant.

24

25   **Prayers for Relief**

26   WHEREFORE, Plaintiff respectfully prays that judgment be entered against
27   Defendants for:

28

Verified Complaint—8

**Fair Debt Collection Practices Act**

1. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;

2. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Rosenthal Fair Debt Collection Practices Act**

3. an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;

4. an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:     September 19, 2013.        Law Offices of Roberto Robledo

                                      */s/ Roberto Robledo*

                                      Attorneys for Plaintiff

## Verification of Complaint and Certification

1

2    STATE OF CALIFORNIA             )
3                                    ) ss
     COUNTY OF SAN DIEGO             )
4

5    Plaintiff Lisa Dreyer, having first been duly sworn and upon oath, deposes and says
     as follows:
6

7    1. I am a Plaintiff in this civil proceeding.
8    2. I have read the above-entitled civil Complaint prepared by my attorneys and I
        believe that all of the facts contained in it are true, to the best of my knowledge,
9       information and belief formed after reasonable inquiry.
10   3. I believe that this civil Complaint is well grounded in fact and warranted by
        existing law or by a good faith argument for the extension, modification, or
11      reversal of existing law.
12   4. I believe that this civil Complaint is not interposed for any improper purpose,
        such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s),
13      or create a needless increase in the cost of litigation to any Defendant(s), named in
        the Complaint.
14
15   5. I have filed this civil Complaint in good faith and solely for the purposes set forth
        in it.
16   6. Each and every exhibit I have provided to my attorneys which has been attached
        to this Complaint is a true and correct copy of the original.
17   7. Except for clearly indicated redactions made by my attorneys where appropriate, I
        have not altered, changed, modified, or fabricated these exhibits, except that some
18      of the attached exhibits may contain some of my own handwritten notations.

19

20

21                                          Lisa Dreyer

22
     Subscribed and sworn to before me
23   this 19th day of September, 2013.

24

25   _Ashley Newnam_
     Notary Public
26

27                    ASHLEY NEWNAM
                      Commission # 2018035
                      Notary Public - California
                      San Diego County
28                    My Comm. Expires Apr 6, 2017

Verified Complaint—10